

**U.S. Department of Justice**

FILED IN
OPEN COURT
May 2, 2011

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 15, 2011

William J. Lovett
Collora LLP
600 Atlantic Ave.– 12th Floor
Boston, MA 02210

1:11CR10158 RGS

Re:   United States v. Donald Barrett

Dear Mr. Lovett:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Donald W. Barrett, Jr. ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.   Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the attached Information charging him with one count of Subscribing to False Tax Returns, in violation of 26 U.S.C. § 7206(1) (Count I), and one count of Misbranding, in violation of 21 U.S.C. §§ 331(a), 333(a)(1), and 352(f) (Count II). Defendant expressly and unequivocally admits that he committed the crimes charged in the above-referenced Information, that he did so knowingly and willfully, and that he is in fact guilty of these offenses. Defendant agrees to waive any applicable statutes of limitations and to waive any defects in the Information.

2.   Penalties

Defendant faces the following maximum penalties on Count I: up to 3 years imprisonment, supervised release for a period not more than 1 year, a fine in the amount of $250,000, and a mandatory special assessment of $100.

Defendant faces the following maximum penalties on Count II: up to 1 year imprisonment, supervised release for a period of not more than 1 year, a fine in the amount of $100,000, and a mandatory special assessment of $25.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory, and, as a result, the Court may impose a sentence up to and including the statutory maximum terms of imprisonment and statutory maximum fines. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

Count 1

(a)   in accordance with USSG §§ 2T1.1(a)(1) and 2T4.1(E), Defendant's base offense level for Count II is 16 because the tax loss is more than $80,000 but less than $200,000;

Count II

(b)   in accordance with USSG § 2N2.1(a), Defendant's base offense level for Count II is 6; and

Grouping

(c)   in accordance with USSG §§ 3D1.2 and 3D1.4(c), Defendant's offense levels for Counts 1 and II neither group, nor is there further increase in the offense level for Count I because the applicable offense level for Count II is 9 or more levels less serious than the offense level for Count 1.

Defendant reserves the right to seek a downward departure and/or deviation from the applicable sentencing guidelines.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the

U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

   (a)   Fails to admit a complete factual basis for the plea;

   (b)   Fails to truthfully admit his conduct in the offenses of conviction;

   (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

   (d)   Fails to provide truthful information about his financial status;

   (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

   (f)   Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

   (g)   Intentionally fails to appear in Court or violates any condition of release;

   (h)   Commits a crime;

   (i)   Transfers any asset protected under any provision of this Agreement; or

   (j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a) incarceration of twelve months and one day, unless Defendant is found to be in Criminal History Category II or above, in which case the U.S. Attorney will recommend the low-end of the Sentencing Guideline range as calculated by the parties in Paragraph 3 ;

(b) a fine within the Sentencing Guideline range as calculated by the parties in Paragraph 3 unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) 1 year of supervised release; and

(d) mandatory special assessments in the combined amount of $125.

The parties further agree to jointly recommend, as a special condition of any term of probation and/or supervised release, that within six months of sentencing or release from custody, whichever is later, Defendant must:

(i) Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

(ii) Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(iii) Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(iv) File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed, or, in lieu of filing such return(s), agree to an assessment with the IRS for any year for which an

        inaccurate return was filed; and

(v)    Make a good faith effort to pay all delinquent and/or additional taxes, interest, and penalties.

Defendant reserves the right to recommend such sentence as he deems appropriate, provided that Defendant shall jointly recommend that any term of probation or supervised release shall be subject to the special conditions set forth in subparagraphs (i-v), above.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    No Further Prosecution of Defendant

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the U.S. Attorney agrees that, other than the charges in the attached Information, the U.S. Attorney shall not further prosecute Defendant for conduct which (a) falls within the scope of the Information; or (b) was a subject of the investigation by the grand jury sitting in the District or Massachusetts concerning Defendant's 2002 and 2003 tax returns and Defendant's representations, or the representations of his agents, to the Federal Trade Commission concerning the broadcasting of the Supreme Greens infomercial. This declination is expressly contingent on:

a.    the guilty plea of Defendant being accepted by the Court and not later withdrawn; and

b.    Defendant's performance of all of his obligations as set forth in this Agreement. If Defendant's guilty plea is not accepted by the Court or is withdrawn for any reason, or if Defendant should fail to perform any obligation under this Agreement, this no further prosecution provision shall be null and void.

The U.S. Attorney expressly reserves the right to prosecute any individual or entity in connection with the conduct encompassed by this Agreement, within the scope of the grand jury investigation or known to either of them.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

   (a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that his conviction should be set aside or his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution ) set aside or reduced.

   (b) Defendant waives any right he has to challenge his conviction on direct appeal or in a collateral challenge.

   (c) Defendant agrees that he will not file a direct appeal nor collaterally challenge any sentence of 12 months and one day of incarceration or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

   (d) The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, she will not appeal any sentence of 12 months of incarceration or more.

   (e) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this Agreement or the entry of the guilty plea.

8. <u>Other Post-sentence Events</u>

   (a) In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7).

   (b) If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime.

        Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

  (c)    In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9.     Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence that Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

10.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the IRS to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure to permit the disclosure of matters occurring before the grand jury for this purpose.

12.     Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that may be made by Defendant, and any information, materials, documents or objects that may be provided by Defendant to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.     Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Gregory F. Noonan.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: *(signature)*
JAMES F. LANG
Chief, Criminal Division

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature]*
DONALD W. BARRETT, JR.
Defendant

Date: April 26, 2011

I certify that DONALD W. BARRETT, JR. has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
WILLIAM J. LOVETT
Attorney for Defendant

Date: 4/26/11

10